Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| GILBERTO JOSÉ BETANCOURT HERRERA<br><br>Demandante Peticionario<br><br>v.<br><br>GERISA ROSIEL VILLALONA ROBLES<br><br>Demandada Recurrida | KLCE202500213 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: F DI2018-0164 (Sala: 301)<br><br>Sobre:<br><br>Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2025.

Comparece el señor Gilberto José Betancourt Herrera (señor Betancourt Herrera o peticionario) vía *certiorari* y solicita que revoquemos dos *Órdenes* del Tribunal de Primera Instancia, Sala Superior de Carolina, emitidas el 15 de octubre de 2024 y el 28 de enero de 2025. En dichos dictámenes, se dejó sin efecto una *Resolución* previa y se resolvió sin lugar una moción de reconsideración. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari* por falta de jurisdicción.

En síntesis, y en lo pertinente a nuestra determinación, el caso de epígrafe trata de una demanda por divorcio y solicitud para conceder hogar seguro. Según el expediente, el 15 de octubre de 2024, el foro primario dejó sin efecto su *Resolución* del 3 de octubre de 2024. A

Número Identificador

RES2025 _____

razón de esto, el 31 de octubre de 2024, el señor Betancourt Herrera solicitó reconsideración, la cual, ante la falta de respuesta del Tribunal de Primera Instancia, el peticionario tuvo que reiterar mediante otra moción presentada el 17 de diciembre de 2024. Al contestar la referida reiteración, el foro primario le concedió a la señora Rosiel Villalona Robles (señora Villalona Robles o recurrida) cinco (5) día finales e improrrogables para mostrar causa por lo cual no deba dejarse sin efecto el dictamen de Hogar Seguro. Posterior a la señora Villanola Robles presentar una *Moción Asumiendo Representación Legal y en Solicitud de Orden*, el 28 de enero de 2025, el foro primario denegó la solicitud de reconsideración del 31 de octubre de 2024. A consecuencia de lo acontecido, el 18 de febrero de 2025, el señor Betancourt Herrera solicitó reconsideración de esta última orden. Según se desprende del expediente, el foro primario no ha atendido esta segunda solicitud de reconsideración.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera

inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. Si el foro primario acoge la moción y emite una nueva determinación que es sustancialmente distinta a la original, cualquiera de las partes del pleito puede solicitar que se reconsidere el nuevo dictamen. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330 (2018). No obstante, para que la nueva solicitud de reconsideración interrumpa el término estricto de treinta (30) días para recurrir al foro apelativo, la moción debe indicar cuáles son las alteraciones sustanciales cuya reconsideración se solicita por primera vez. Íd. Véase, también, Regla 52.2 de Procedimiento Civil, *supra*.

Por último, mientras exista una determinación pendiente ante la consideración del tribunal apelado, cualquier recurso presentado ante el foro apelativo será prematuro. *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015). Del foro apelado resolver la controversia pendiente, la parte solicitante podrá recurrir nuevamente al foro apelativo. Íd.

En el presente caso, el peticionario recurrió prematuramente al Tribunal de Apelaciones. Del expediente no se desprende que el

Tribunal de Primera Instancia haya resuelto la segunda solicitud de reconsideración del señor Betancourt Herrera, por lo cual queda pendiente una controversia interlocutoria ante el foro apelado. Por tanto, ante un recurso de *certiorari* prematuro, carecemos de la jurisdicción o autoridad para evaluar el recurso ante nos en sus méritos.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones